In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title wherever the Same has not been Heretofore Acquired, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Hunt's Point Road (Although not yet Named by Proper Authority), from East River to Southern Boulevard, as the Same has been Heretofore Laid Out and Designated as a First-class Street or Road in the Twenty-third Ward of the City of New York.

CHARLES D. DICKEY and MARY W. D. VARNUM, Property Owners, Appellants; THE CITY OF NEW YORK, Respondent.

*Extension of the time for the completion of the report of commissioners in street opening proceedings in the city of New York.*

Section 991 of the charter of the city of New York (Laws of 1897, chap. 378), which authorizes the court to make such order in respect to the time of the completion of the report of commissioners appointed in a street opening proceeding as will enable or require the commissioners to complete the proceedings on their part with reasonable dispatch, is applicable to a proceeding instituted prior to the enactment of the charter, supersedes the limitations of the Consolidation Act (Chap. 410 of the Laws of 1882) in reference to extensions of time for such commissioners, and furnishes the only limitation upon the power of the court in that regard.

APPEAL by Charles D. Dickey and another, property owners, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of October, 1899, extending the time of the

commissioners of estimate and assessment of the city of New York to complete their proceedings.

*Tompkins McIlvaine,* for the appellants.

*Joseph P. Dunn,* for the respondent.

VAN BRUNT, P. J.:

The commissioners in this proceeding were appointed on the 11th of October, 1895, and title to the premises taken by the opening of the above-entitled street vested in the mayor, aldermen and commonalty of the city of New York by virtue of a resolution of the board of street opening and improvement on April 23, 1896. On October 27, 1898, the commissioners filed their preliminary report, and objections thereto were heard in November, 1898. Since that time no proceedings have been had other than the deliberations of the commissioners. On the 5th day of October, 1899, a motion was made by the corporation counsel for an order extending the time of the commissioners of estimate and assessment to complete their proceedings. The reason stated in the affidavit upon which the application was founded for such extension was that there was pending in the Court of Appeals a proceeding in which is involved the determination of the question whether interest on the awards should be included in the assessment for benefit or not, on the determination of which the assessment for benefit in this case depends, and until the determination of which it would be impolitic, expensive and unnecessary to hasten with this proceeding. On behalf of the appellants it was claimed that this question had been unanimously decided by the Appellate Division and that that decision should be sufficient for the commissioners. It was also pointed out that an important question was involved — what tax year must govern the commissioners in making up their assessment. The court, upon hearing the motion, extended the time of the commissioners until the 13th of April, 1900.

It is claimed by the appellants that the extension granted exceeded the power of the court, and that these proceedings having been begun before the new charter went into operation the provisions of the Consolidation Act (Laws of 1882, chap. 410) governed. This

would undoubtedly be true under section 1614 of the charter (Laws of 1897, chap. 378), which says that "all actions, suits, proceedings, * * * under the New York city consolidation act * * * and pending when this act takes effect * * * may be prosecuted and defended to final effect in the same manner as they might under the laws then existing, unless herein otherwise specially provided," if there cannot be found in such charter any provision in relation to the method of procedure in proceedings of this character. It is a familiar rule that no suitor has any vested right in any particular method of procedure which existed at the time the procedure or action in which he seeks to enforce his rights is commenced. The case of a change in the rules of evidence between the commencement of a civil action and its trial illustrates this proposition. The rules of evidence which obtain at the time of the trial govern, although evidence which at the time of the commencement of the action was, under the law, incompetent, has been made competent, or *vice versa.* So in the case at bar, under the new charter a complete scheme is provided for these proceedings. Certain changes have been made in the method of procedure and the limitations therein, and it has been held by this court that, so far as procedure is concerned, the provisions of the charter apply to pending proceedings. It has been held that the fees of commissioners in proceedings begun under the Consolidation Act for services rendered after the charter went into effect are governed by the provisions of the charter; and this seems to be a case exactly parallel in principle with the one now presented for consideration.

The limitations of the Consolidation Act in reference to extensions of time for commissioners to complete their proceedings have been superseded by the provisions of section 991 of the charter of the city of New York, which section gives the court power to make such order in respect to the time and manner of completing the report of the commissioners as will enable or require the said commissioners to complete the proceedings on their part with reasonable dispatch. And this seems to be the only limitation upon the power of the court in that regard. We think, therefore, that the court was authorized to extend the time beyond that which was fixed by the limitations contained in the Consolidation Act. We think, however, that the extension granted was too long. The commission-

ers certainly should be able to make their report within a considerably shorter time.

The order should, therefore, be modified by requiring the commissioners to report on or before the 1st of March, 1900, and as modified affirmed, without costs.

O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred; PATTERSON, J., concurred in result.

Order modified by requiring the commissioners to report on or before the 1st of March, 1900, and as modified affirmed, without costs.